**Ella S. KAFTON, individually, Plaintiff,**

**and**

**Magdalena H. Scheller, a representative of a class, Plaintiff/Intervenor,**

**v.**

**BAPTIST PARK NURSING CENTER, INC., et al., Defendants.**

**Civ. No. 78–968 PHX CLH.**

United States District Court, D. Arizona.

June 28, 1985.

R. Alan Stotensburg, R. Alan Stotensburg, P.C., New York City, for plaintiff.

Philip A. Robbins, Robbins & Green, P.A., Phoenix, Ariz., for plaintiffs/intervenors Scheller and Bondholder Class.

Donald W. Bivens, Martori, Meyer, Hendricks & Victor, P.A., Phoenix, Ariz., for Baskin & Sears and H. Gorden Brown.

George H. Mitchell, O'Connor, Cavanagh, Anderson, Killingsworth & Beshears, Phoenix, Ariz., for Baptist Park Nursing Center.

Dale A. Danneman, Lewis & Roca, Phoenix, Ariz., for Detroit Bank & Trust Co.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

Bond counsel defendants request the Court's findings of disputed fact and/or conclusions of law in support of its April 4, 1985, denial of bond counsel's motion for partial summary judgment on the issue of the tax-exempt nature of the 1976 Nursing Center bonds. Bond counsel raised two arguments in their memorandum: judicial estoppel and failure to show loss causation. However, their request for findings and conclusions is directed only to bond counsel's contention that plaintiff has not shown loss causation, that is, that plaintiff has failed to establish that her injury was caused by any misrepresentation regarding the tax-exempt nature of the bonds.

The findings of disputed fact are whether defendants fraudulently induced the plaintiff class to purchase the bonds and whether the misrepresentations or omissions were material.

■ When a Rule 10b–5 action is brought for material misrepresentations or omissions the plaintiff must prove two types of causations: (1) transaction causation, where the alleged misrepresentations or omissions caused or induced the plaintiff to purchase the security; and (2) loss causation, where the alleged misrepresentations or omissions caused the pecuniary injury suffered by the plaintiff. *Hatrock v. Edward D. Jones & Co.*, 750 F.2d 767, 773 (9th Cir.1984).

■ Both types of causation are not required in every Rule 10b–5 case. A plaintiff "should not have to prove loss causation where the evil is not the price the investor paid for the security, but the broker's fraudulent inducement of the investor to purchase the security." *Id.* However, loss causation is relevant when a plaintiff complains that a defendant's misrepresentations inflated the price paid for the security. *See Marbury Management, Inc. v. Kohn*, 629 F.2d 705, 718–19 (2d Cir.) (Meskill, J., dissenting), *cert. denied*, 449 U.S. 1011, 101 S.Ct. 566, 66 L.Ed.2d 469 (1980). In that case a defendant would not be liable if the decline in value was caused by an event occurring subsequent to any misrepresentation. *Id.*

■ Transaction causation requires a plaintiff in a misrepresentations or omissions case to show that he relied upon the misrepresentations or omissions and was thereby induced to engage in the transaction. *Schlick v. Penn-Dixie Cement Corp.*, 507 F.2d 374, 380 (2d Cir.1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). However, in a so-called fraud-on-the market case, "proof of subjective reliance on particular misrepresentations" need not be shown. *Blackie v. Barrack*, 524 F.2d 891, 906 (9th Cir.1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). In such cases transaction causation will be "inferred from the materiality of the misrepresentation." *Id.; see also Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153–54, 92 S.Ct. 1456, 1472, 31 L.Ed.2d 741 (1972).

■ In a Rule 10b–5 scheme to defraud case a plaintiff's injury stems not solely from a particular misstatement or omission, but from all interacting elements of the scheme. *See Schlick*, 507 F.2d at 381. In that instance, the causal nexus is not

between a particular misrepresentation and plaintiff's loss, but between the entire functioning scheme and the injury. *See Id.*

The Court concludes that in a Rule 10b–5 case where the plaintiff has alleged a scheme to defraud, loss causation need not be established between each misrepresentation or omission and the plaintiff's injury.